UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randy Williams, | ) | C/A No. 4:16-cv-01758-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| American International Recovery; | ) | |
| McAngus, Goudelock & Courie LLC; | ) | |
| Pamela Gadsden, and | ) | |
| E. Scott Winburn, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Randy Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*, against Defendants American International Recovery; McAngus, Goudelock & Courie LLC; Pamela Gadsden; and E. Scott Winburn ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Having reviewed the complaint in accordance with applicable law, the undersigned recommends that the district judge dismiss this case without prejudice and without service of process.

I.      Factual and Procedural Background

At the outset, this is a second attempt by Plaintiff to bring suit claiming Defendants prevented him from realizing his workers' compensation benefits. On November 26, 2013, Plaintiff filed an almost identical civil action in this court against American International Recovery and McAngus, Goudelock & Courie LLC (who are also Defendants in the instant matter). *See Williams v. Am. Int'l Recovery et al.*, No. 4:13-3305-RBH (D.S.C.). On February

28, 2014, the court summarily dismissed Plaintiff's previous case finding that Plaintiff had not presented the court with a basis for subject matter jurisdiction. *Id*.

Plaintiff filed the present action on June 1, 2016 and claims that the basis for this court's jurisdiction is diversity of citizenship. ECF No. 1 at 6. Plaintiff alleges that on October 3, 2005, he was awarded lifetime medical treatment by the South Carolina Workers' Compensation Commission due to work-related injuries. *Id.* at 8-9.  He further states that he settled his workers' compensation claim on July 28, 2008, and that his attorney closed his case in 2011. *Id.* at 9. Plaintiff contends that, after his case closed, Defendants refused to approve his medicine and medical treatment. *Id.* Plaintiff claims Defendants took advantage of him due to his speech and hearing disabilities and because he was a "poor black man." *Id.* at 10, 11. Plaintiff also contends Defendants slandered him to other attorneys and doctors.  *Id.* at 10, 12. Plaintiff seeks monetary damages. *Id.*at 16.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint.  This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such pro se complaints are held to a less stringent standard than those drafted by attorneys. *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dept. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). A district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

The instant Complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief maybe granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Thus, under 28 U.S.C. § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

III.     Discussion

Federal courts are courts of limited subject-matter jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject-matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). As such, a federal court is required, *sua*

*sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A plaintiff must allege in his pleadings the facts essential to show jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc*., 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed.1997)). District courts exercise two types of subject-matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In the Complaint, Plaintiff indicates that the basis of this court's jurisdiction is diversity jurisdiction. However, Plaintiff seems to misunderstand diversity jurisdiction. The diversity statute requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip, & Erection Co. v. Kroger*, 437 U.S. 365, 372–374 (1978). This court has no diversity jurisdiction over this case because Plaintiff has a South Carolina address and Defendants Scott Winburn and McAngus Goudelock & Currie have South Carolina addresses. Thus, no subject-matter jurisdiction exists based upon diversity jurisdiction under § 1332.

Plaintiff also alleges that he is raising a claim pursuant to "Title VII"[1] of the Civil Rights Act of 1964 and 1991 ("Title VII") , 42 U.S.C. § 2000(e) *et seq*. and Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq*. ECF No. 1 at 16. In the handwritten document attached to the Plaintiff's complaint form, he states that he is a "poor black man" with "disability problems" and that Defendants have taken advantage of him. ECF No. 1 at 11. Also, in the Relief portion of the Complaint he states that he is entitled to relief under Title VII and "Americans with disabilities act."  *See* ECF No. 1 at 16. Generally, claims under Title VII and the ADA fall within this court's federal-question jurisdiction.

Title VII creates a federal cause of action for employment discrimination. Title VII makes it an unlawful employment practice for an employer to fail or refuse to hire, or otherwise discriminate against, any individual with respect to his or her employment on the basis of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). It defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id*. § 2000e(b). In this matter, Plaintiff has not brought this claim against the proper party because none of the Defendants were Plaintiff's employer and, as such, they cannot be held liable under Title VII. *Lissau v. S. Food Serv., Inc*., 159 F.3d 177 (4th Cir. 1998). Thus, the undersigned finds that Plaintiff has failed to plausibly state a claim under Title VII, and recommends any claims raised under Title VII be summarily dismissed.

Plaintiff also alleges that he is pursuing a cause of action for violation of the ADA, but does not state a claim. The ADA was enacted, in part, to assist in remedying the problems related to access by persons with disabilities to public facilities, employment, and transportation

---

[1] In the Complaint, it appears Plaintiff committed a scrivener's error as he listed "Title IV" of the Civil Rights Act. The court assumes Plaintiff intended to list "Title VII".

5

services. 42 U.S.C. §§ 12101-213. "The ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodation (Title III)." *PGA Tour, Inc. v. Martin*, 121 S. Ct. 1879, 1889 (2001). Plaintiff alleges discrimination by an insurance company, an insurance adjuster, an attorney, and a law firm. Plaintiff does not allege discrimination in employment, public services, or public accommodation. Consequently, Plaintiff has failed to plausibly state a claim under the ADA, and the undersigned recommends summary dismissal of Plaintiff's asserted ADA claim.

Finally, Plaintiff arguably alleges state-law claims of bad faith, defamation, libel and slander, and emotional distress. Any jurisdiction over Plaintiff's state-law claims would be through the exercise of its supplemental jurisdiction, which allows federal courts to hear and decide state-law claims along with federal law claims. 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (noting federal courts' original jurisdiction under federal question includes jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"). However, federal courts are permitted to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the undersigned recommends summary dismissal of Plaintiff's alleged Title VII and ADA claims, it is further recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims under § 1367(c)(3).

IV.     Conclusion

Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice and without service on Defendants. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

August 25, 2016                                                    Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached page.**

**"Notice of Right to File Objections to Report and Recommendation."**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).