UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Williams, | ) | Civil Action No.: 4:16-cv-01758-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| American International Recovery, McAngus, Goudelock & Courie LLC, Pamela Gadsden, and E. Scott Winburn, | ) | |
| Defendants. | ) | |

Plaintiff Randy Williams, proceeding pro se, has filed this action against the four above-captioned Defendants alleging they prevented him from realizing his workers' compensation benefits after his claim was settled. *See* ECF Nos. 1 & 17. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 21. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without service of process for lack of subject matter jurisdiction. R & R at 4-7. Plaintiff has filed timely objections to the R & R. *See* ECF Nos. 23 & 25.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### **Discussion**[2]

The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for lack of subject matter jurisdiction. R & R at 4-7. The Magistrate Judge reports (1) that no diversity jurisdiction exists under 28 U.S.C. § 1332, (2) that no federal question jurisdiction exists under 28 U.S.C. § 1331,[3] and (3) that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law

---

[2] The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards. Because Plaintiff's factual allegations are adequately stated in the R & R, which the Court adopts, the Court need not elaborate on them further.

[3] Specifically, the Magistrate Judge reports that Plaintiff has failed to plausibly state a claim under Title VII of the Civil Rights Act of 1964 and 1991, and that Plaintiff has failed to plausibly state a claim under the Americans with Disabilities Act. R & R at 5-6.

claims under 28 U.S.C. § 1367(c)(3).[4]  *Id.*

In his objections, Plaintiff rehashes many of the allegations raised in his complaint and voluminous supplemental pleadings, and he asserts "this case should not be dismiss[ed] because the plaintiff ha[s] presented enough evidence to send the case to trial."  ECF No. 23 at 1.  Significantly, Plaintiff does not specifically object to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction—both federal question and diversity—over this action.[5]  The Court's review of the R & R reveals no clear error.  *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Although de novo review is not required in light of Plaintiff's nonspecific objections, the Court has nonetheless exercised its discretion and reviewed the R & R de novo.  Having done so, the Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction over this action and sees no reason to repeat her thorough analysis here.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.").  Accordingly, the Court adopts the Magistrate

---

[4]   The Magistrate Judge also notes Plaintiff previously filed an almost identical civil action in this Court against Defendants American International Recovery and McAngus, Goudelock & Courie LLC.  R & R at 1 (citing *Williams v. Am. Int'l Recovery et al.*, No. 4:13-cv-03305-RBH (D.S.C.)).  The Court dismissed that action without prejudice and without service of process for lack of subject matter jurisdiction.  *See* No. 4:13-cv-03305-RBH, at ECF No. 19 (filed Feb. 28, 2014).

[5]   Plaintiff argues at several places in his objections that the "Worker's Compensation Act do[es]n't have jurisdiction to make the defendants . . . do the right thing.  Only the United States District Court do[es]."  ECF No. 23 at 4; *see also* ECF No. 25 at 2, 5.  Plaintiff apparently misunderstands subject matter jurisdiction.  As the Magistrate Judge thoroughly explains in the R & R, federal courts have limited jurisdiction and can "exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Generally, a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).  Plaintiff's allegations do not satisfy these criteria.

3

Judge's recommendation and overrules Plaintiff's objections.

## **Conclusion**

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint and supplemental pleadings, the Magistrate Judge's R & R, and Plaintiff's objections to the R & R. *See* ECF Nos. 1, 17, 21, 23, & 25. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 21] by reference. The Court **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**


Florence, South Carolina				s/ R. Bryan Harwell
December 19, 2016					R. Bryan Harwell
							United States District Judge